J-S46011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM FRANKLIN :
:
Appellant : No. 3263 EDA 2017

Appeal from the PCRA Order September 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0605611-1980

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 16, 2018**

William Franklin appeals from the September 12, 2017 order dismissing his *pro se* PCRA petition pursuant to Pa.R.Crim.P. 907 as untimely.  After thorough review, we vacate the order and remand for an evidentiary hearing.

Appellant was arrested and charged in the 1976 murder of Joseph Hollis and attempted murder of John Pickens, and tried before a jury in 1982.  This Court summarized the trial court's account of the facts as follows:

> The relevant crimes were committed during a meeting on October 22, 1976[,] which occurred between two rival syndicates engaged in illegal narcotics operations, the "North Philadelphia" and "West Philadelphia" groups.  The purpose of the meeting allegedly was to reconcile differences between the two syndicates[,] which had arisen two days earlier when Hollis insulted Alfred Clark, the leader of the North Philadelphia organization, by questioning his credentials as a "real gangster" and slapping him in the face with a gun.

> The meeting on October 22, 1976 was attended by approximately ten people.  During the meeting, [A]ppellant and Major Tillery, a member of the North Philadelphia syndicate, drew weapons from underneath a pool table and shot Hollis and Pickens; Hollis died as a result of the shooting.  Emmanuel Claitt, also a member of the North Philadelphia group, testified that he had no prior knowledge of the shooting and that he was standing by the door during the meeting to prevent anyone from entering or leaving.  Based on information supplied by Claitt, [A]ppellant was arrested four years later.  Claitt's evidence was given in return for leniency from the Commonwealth relating to other open cases.

*Commonwealth v. Franklin*, 580 A.2d 25, 27 (Pa.Super. 1990).

At the conclusion of the jury trial, Appellant was convicted of first-degree murder, conspiracy, possessing an instrument of crime ("PIC"), and aggravated assault.  He was sentenced on July 7, 1982, to a mandatory term of life imprisonment without parole for the murder, and concurrent terms of five to ten years imprisonment for aggravated assault and conspiracy, and a concurrent term of two and one-half to five years imprisonment on the PIC conviction.

Appellant's judgment of sentence was affirmed by this Court on direct appeal, and the Supreme Court denied allowance of appeal.  *Commonwealth v. Franklin*, 488 A.2d 1163 (Pa.Super. 1984) (unpublished memorandum) (*app. denied* June 24, 1985).  Appellant filed a timely first PCRA petition, counsel was appointed, and an amended petition was filed.  After an evidentiary hearing, the petition was dismissed.  This Court affirmed the dismissal, *Commonwealth v. Franklin*, 580 A.2d 25 (Pa.Super. 1990), and allowance of appeal was denied.  *Commonwealth v. Franklin*, 593 A.2d 415 (Pa. 1991).

- 2 -

Appellant filed the instant PCRA petition, his second, more than thirty years after his judgment of sentence became final. He alleged that his petition was timely based upon the timeliness exceptions for governmental interference and newly-discovered facts. The pertinent newly-discovered fact was the recent declaration of Emanuel Claitt, the sole witness against Appellant, "that his testimony was entirely false," and that "it was manufactured by the prosecution with the assistance of police detectives and secured by threats, coercion and favors." PCRA Petition, 7/18/16, at ¶8. In support of the governmental interference exception, Appellant pled that he was prevented from demonstrating his innocence at trial "because the Commonwealth concealed its actions presenting false evidence and withheld exculpatory evidence in violation of *Brady v. Maryland*[, 373 U.S. 83 (1963),] and *Napue v. Illinois*[, 360 U.S. 264 (1959),] and due process principles[.]" *Id*. at ¶9.

Appellant averred further that Claitt made a sworn declaration on behalf of Appellant's co-defendant Major Tillery on May 4, 2016, and a supplemental sworn declaration on behalf of Appellant on June 3, 2016, recanting his trial testimony implicating Appellant in the murder. These facts became known to him within sixty days of the filing of the petition when Tillery's attorney forwarded the declaration to him. He pled further that Claitt's recantation was unknown to him and could not have been ascertained earlier with the exercise of reasonable diligence. Appellant attached to his petition the declaration by Claitt dated June 3, 2016. Appellant also filed a supplemental PCRA petition

in which he provided witness certifications for Helen Ellis and Denise Certain, as well as homicide unit logs and correspondence, that he alleged corroborated Claitt's claims that the Commonwealth gave him favorable treatment and sexual favors in return for his perjured testimony.[1]

Although Appellant invoked the newly-discovered fact exception to the timeliness bar, and offered declarations and witness certifications in support of the timeliness of his petition, the PCRA court issued Rule 907 notice of its intent to dismiss the petition as untimely.[2]  The court stated therein that the PCRA petition filed July 18, 2016, based on Claitt's declaration recanting his testimony dated May 4, 2016, was filed more than sixty days after he could

_____

[1] Appellant filed a witness certification that he intended to call Helen Ellis to testify at the evidentiary hearing.  He provided her address and date of birth. He represented that Ms. Ellis would testify that "she had sex with Emanuel Claitt in the Roundhouse homicide interview room and that arrangements were made by detectives who brought her up to him."  Certification of Helen Ellis as a Witness, 10/28/16, at 1.

The witness certification for Denise Certain also contained her identifying information, and the substance of her proffered testimony was virtually identical.  In addition, however, Appellant represented that Ms. Certain would identify her signature on the Roundhouse login sheet for December 14, 1983. *See* Certification of Denise Certain as a Witness, at 1.

[2] Pennsylvania Rule of Criminal Procedure 907(1) provides in pertinent part:

> If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal . . . .

Pa.R.Crim.P. Rule 907(1).

have first presented the claim, and hence, untimely. Furthermore, Appellant's failure to contact Claitt during the intervening thirty-five years, despite having every reason to question and investigate that witness, did not meet the requisite showing of due diligence. The court also found that witness certifications from Claitt and two other witnesses were legally insufficient, and that affidavits were required to support the claim. Finally, the court stated that Appellant had failed to demonstrate how the government had suppressed evidence of the two witnesses, Ms. Ellis and Ms. Certain, and additionally, that he had not filed the petition within sixty days of accessing this information.

Appellant filed a response objecting to dismissal, in which he clarified that he filed the petition within sixty days of receiving Claitt's declaration. In support of that contention, he attached an affidavit from his co-defendant's attorney who had mailed the declarations to him. Appellant also challenged the court's affidavit requirement, citing authority that witness certifications were sufficient under the PCRA. Finally, Appellant cited **Commonwealth v. Medina**, 92 A.3d 1210 (Pa.Super. 2014) (*en banc*), **Commonwealth v. Loner**, 836 A.2d 125 (Pa.Super. 2003) (*en banc*), and **Commonwealth v. McCracken**, 659 A.2d 541 (Pa. 1995), wherein courts had rejected the notion that recantation could have been discovered earlier with due diligence, and which discussed the need for an evidentiary hearing. Nonetheless, on September 12, 2017, the court dismissed the petition as untimely without a hearing.

Appellant timely appealed, and he presents three issues for our review:

I.   Whether the PCRA court erred where it dismiss[ed] Appellant's PCRA petition without a hearing, where Appellant invoked an exception under 42 Pa.C.S. § 9545(b)(1)(i); 42 Pa.C.S. § 9545(b)(1)(ii)[,] and 42 Pa.C.S. § 9545(b)(2)?

II.   Whether the prosecution violated Appellant's state and federal constitutional rights to due process, a fair trial, and his right to present a viable defense?

III.   Whether the prosecution violated the rule pronounced in **Brady v. Maryland**, where the prosecution withheld material, exculpatory evidence from the Appellant?

Appellant's brief at 4.

On appeal from the denial of PCRA relief, our standard of review compels us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Lesko**, 15 A.3d 345, 358 (Pa. 2011). We will review an order dismissing a PCRA petition in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012).

Generally, a petition for post-conviction relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petitioner alleges and proves that one of the three exceptions to the time bar applies. "A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3)." **Commonwealth v. Hernandez**, 79 A.3d 649, 650 (Pa.Super. 2013). The

merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. *Id*.

Appellant conceded that his petition was facially untimely under 42 Pa.C.S. § 9545(b), but pled the applicability of the newly-discovered fact and governmental interference exceptions set forth in § 9545(b)(1)(i) and (ii):

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

42 Pa.C.S. § 9545(b)(1)(i) and (ii).

It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. *See Commonwealth v. Smallwood*, 155 A.3d 1054, 1060 (Pa.Super. 2017). Regarding the newly-discovered facts exception, "a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted). In addition, a petitioner must plead and prove specific facts demonstrating that his claim was raised within the sixty-day time frame.

As to the governmental interference exception, the petitioner must plead and prove that government officials interfered with his ability to present a timely PCRA claim. Appellant alleges that he only recently learned that the Commonwealth offered Claitt preferential treatment in pending cases and sexual favors to testify against Appellant.

The law is well settled that, "[q]uestions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." **Commonwealth v. Robinson**, 185 A.3d 1055, 1059 (Pa.Super. 2018) (*en banc*) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 n.1 (Pa. 2006)).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court found that Claitt's favorable treatment in pending cases was thoroughly explored at trial. Furthermore, it characterized the recantation claim as "garden variety," and found that Appellant had not exercised due diligence as he failed to contact Claitt in three decades. PCRA Court Opinion, 12/27/17, at 5. Moreover, the court maintained that the claims of misconduct were so "outlandish" and "unreliable" as to permit a credibility-based dismissal without an evidentiary hearing.[3] *Id*. at 9. The court distinguished **Medina** and **Commonwealth v.**

---

[3] The exception for newly-discovered facts only requires that a petitioner "prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2001). Although the PCRA court based its ruling in part on a lack of due diligence, it also prematurely assessed the merits of the underlying

***Davis***, 86 A.3d 883 (Pa.Super. 2014), as "extremely fact specific, presenting unique circumstances." PCRA Court Opinion, 12/27/17, at 7.

We find that Appellant properly pled exceptions to the time-bar and offered sufficient support to merit an evidentiary hearing on the timeliness of the petition. Our decisions in ***Medina*** and ***Davis*** are instructive in this regard. In ***Medina***, the petitioner invoked the newly-discovered fact exception to the PCRA time bar based on recantation testimony from the primary Commonwealth witness, who was a child when he testified. Appellant filed the petition within sixty days as required. In that case, however, the PCRA court afforded the petitioner an evidentiary hearing on the timeliness issue, and thereafter concluded that he had presented credible evidence that his petition was timely filed. On appeal, the Commonwealth argued that the petitioner had not demonstrated due diligence. This Court concluded that the petitioner had no way of knowing that the two children had lied at trial because a detective had threatened them. Furthermore, we found that a reasonable investigation could not have revealed these circumstances since even the prosecutors claimed at the PCRA evidentiary hearing that they did not know of the detective's conduct. We reasoned that if the prosecutors did not know, petitioner and his counsel had no reason to look for such evidence, and

_____

claim. ***See Commonwealth v. Cox***, 146 A.3d 221 (Pa.Super. 2016) (rejecting notion that newly-discovered facts exception involves a merits analysis of the underlying claim).

concluded that the petitioner's efforts were reasonable under the circumstances. *Id*. at 1217.

In *Davis*, *supra*, the testimony of two witnesses contributed heavily to petitioner's 1972 conviction of robbery and first-degree murder. In 2008, the petitioner filed a PCRA petition in which he pled that he discovered facts establishing that the witnesses had testified pursuant to an undisclosed agreement with the Commonwealth, and that one of them had committed perjury. *Id*. at 886. The PCRA court found that the newly-discovered facts were publicly available in court transcripts with the exercise of due diligence, and that petitioner had failed to satisfy the timeliness exception of Section 9545(b)(1)(ii). We disagreed, holding that the petitioner's efforts were triggered when he received the affidavits signed by one of the witnesses. As to the undisclosed deal offered by the Commonwealth, which the witnesses had denied at trial, we held that the petitioner had no reason to seek out transcripts of the testimony of the witnesses in unrelated cases to look for such evidence. In other words, due diligence did not require the petitioner to assume that the witnesses were committing perjury sanctioned by the Commonwealth.

The primary issue herein with regard to the newly-discovered fact exception is whether Appellant exercised due diligence in learning that the

prosecution's principal witness against him recanted his testimony.[4]  As we recognized in **Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa.Super. 2015), the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented.   Furthermore, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief."  **Burton**, **supra**, at 1071.

Herein, Appellant pled timeliness exceptions and supported their applicability with witness certifications and documentary evidence.  The PCRA court erred in rejecting the proffered witness certifications as insufficient.  **See Commonwealth v. Pander**, 100 A.3d 626, 639 (Pa.Super. 2014) (citing **Commonwealth v. Brown**, 767 A.2d 576 (Pa.Super. 2001)) (holding affidavit requirement is "flatly contradicted by and is in clear derogation of both the PCRA statute and the rules of criminal procedure"); **see also Commonwealth v. Reid**, 99 A.3d 427, 438 (Pa. 2014) (holding that procedurally, "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony" is sufficient to obtain an evidentiary hearing on an ineffectiveness claim for a failure to present witness testimony).

---

[4] Appellant's second and third issues go to the merits of his claims.  We cannot reach them unless Appellant succeeds in proving a timeliness exception.

We find that Appellant has raised genuine issues of material fact regarding the timeliness of the instant PCRA petition. An evidentiary hearing is warranted to permit him to establish governmental interference, or to prove that he was duly diligent in discovering the recantation, and that he filed this petition within sixty days of when the claims could first have been presented.

Accordingly, we vacate the order dismissing the petition and remand for an evidentiary hearing on the timeliness issue. We direct the PCRA court to consider Appellant's request that counsel be appointed, as well as his application for discovery.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/18

- 12 -